**UNITED STATES of America**

v.

**William COCHRAN.**

**No. 92–CR–415.**

United States District Court,
E.D. Pennsylvania.

Nov. 16, 1992.

Felicia Sarner, Defender Ass'n of Philadelphia, Philadelphia, Pa., for William Cochran.

Richard P. Barrett, U.S. Atty.'s Office, Philadelphia, Pa., for U.S.

## MEMORANDUM

BARTLE, District Judge.

Defendant, William Cochran, is charged with possession and interstate shipment of material involving the exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(a)(4). Before the court is defendant's motion to suppress physical evidence and his statement obtained pursuant to an allegedly invalid search and seizure.

On January 22, 1992, employees of Atlas Van Lines ("Atlas") advised the Philadelphia police that while moving defendant's belongings from Colorado to Philadelphia, they observed items which led them to suspect that defendant possessed "child pornography." Officer Donald Gillespie from the Police Sex Crimes Unit conducted an interview later that day with Sam Wallace and Scott Story, employees of Atlas. At the interview, Sam Wallace stated that he had seen what he called "child pornography" in defendant's home in Colorado, that he found "a dozen or so" pictures of naked children in various poses in defendant's bedroom, and that the children appeared to be about five or six years old of white and

Asian descent. When questioned about what the children were doing in the pictures, Mr. Wallace responded, "just posed naked." He also saw about eleven "V.C.R.'s," three "cam-corders" and several boxes of video cassettes and magazines. He explained that he did not know what was on the tapes but that one box had the title "The Joys of Male and Male Sex."

Mr. Story, for his part, noticed in defendant's home in Colorado, several photographs of naked children including a black and white photograph of a girl between five and six years old who was posed naked. He stated that the picture "did not look like it was developed by a professional." When asked what the children were doing, Mr. Story replied, "They were naked." He also stated that he did not believe that the children were involved in sexual activity. Mr. Story thought that most of what the movers transported was "pornography" and that very little was furniture or household goods.

Officer Gillespie prepared a search warrant and affidavit based on the information obtained from the movers. He then presented them to a Philadelphia Bail Commissioner, who approved the warrant. The warrant granted the police authority to perform a nighttime search of defendant's residence on North Broad Street. Philadelphia police executed the warrant at sometime between 11:15 p.m. on the night of January 22, 1992 and 12:30 a.m. the next morning, seizing numerous pictures and other items which are the subject of this motion. After the seizure, defendant was arrested and taken into police custody where he made an inculpatory statement, admitting knowing possession of the materials seized. Thereafter, federal authorities assumed jurisdiction over the matter and on May 28, 1992, arrested defendant on a federal complaint and warrant. The Government subsequently indicted defendant on two counts of possession and transportation of material involving the exploitation of minors pursuant to 18 U.S.C. §§ 2252(a)(1) and 2252(a)(4).

Defendant, in his motion to suppress the physical evidence and the inculpatory state-

ment, asserts that the warrant and subsequent search violated the Fourth Amendment's prohibition against unreasonable searches and seizures.[1] The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Defendant claims that the warrant was not based upon an adequate showing of probable cause, that the warrant was unconstitutionally overbroad, and that the police exceeded the scope of the warrant in executing the search.

■ Defendant contends that the search warrant was not based on an adequate showing of probable cause because the photographs described by the movers did not involve sexually explicit conduct or sexually suggestive poses. Thus, defendant argues, the movers did not observe a violation of the Pennsylvania statute, pursuant to which the police obtained the warrant. Pennsylvania law does not ban the possession of all pictures of naked children. Rather, it prohibits the production, dissemination or possession of "any book, magazine, pamphlet, photography, film, videotape or other material depicting a child under the age of 17 years engaging in a prohibited sexual act ..." The statute defines "prohibited sexual act" to include "nudity *if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction.*" (emphasis added). 18 Pa. Cons.Stat.Ann. § 6312.[2]

■ The failure of the movers to describe an actual violation of the statute does not preclude a finding of probable cause. In determining whether probable cause exists to order a search, a magistrate "is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The Court in *Gates* adopted a flexible "totality-of-the-circumstances" approach to determining probable cause. *Id.* at 230, 103 S.Ct. at 2328. In this case, the warrant application contained a sufficient basis for a finding of probable cause. Officer O'Donnel stated that the movers viewed "many" photographs of naked children in the defendant's bedroom, which were "posed." One of the pictures appeared to have been produced "unprofessionally." The movers described the children as being of both white and Asian descent, suggesting that all the pictures were not of defendant's family members. Furthermore, defendant apparently possessed an extensive "pornography" collection including one tape entitled "The Joys of Male and Male Sex," and large amounts of video and camera equipment. While none of the described facts by itself may give rise to probable cause, a set of otherwise innocent facts can, in combination, meet that standard. *See Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). *Gates* permits the magistrate to make 'common-sense conclusions about human behavior.' *Gates*, 462 U.S. at 230–251, 103 S.Ct. at 2328–2339. Furthermore, in reviewing a finding of probable cause the court must accord "great deference" to the determination of the issuing magistrate. *Spinelli v. United*

---

1. The Fourth Amendment was incorporated into the Due Process clause of the Fourteenth Amendment by *Wolf v. Colorado*, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949) and thus made applicable to the states.

2. This court has been unable to find any cases construing this section of the statute. However, at a minimum, the requirement that the nudity

"be depicted for the sexual gratification ..." must mean that in order to violate the statute, a photograph must depict children in lewd or sexually suggestive poses. Not only is this the only logical interpretation of the express language of the statute, but as will be discussed *infra*, it is the only interpretation consistent with the First Amendment to the Constitution.

*States,* 393 U.S. 410, 419, 89 S.Ct. 584, 591, 21 L.Ed.2d 637 (1969). Under the facts and the reasonable inferences to be drawn therefrom, the Bail Commissioner could properly find that probable cause existed that defendant was in violation of the Pennsylvania statute.

■ Although the Bail Commissioner had probable cause to order a search of defendant's home, the warrant is deficient in several respects. First, the warrant is impermissibly overbroad because it specifically requests the seizure of lawfully possessed material of no evidentiary value. Only fruits, instrumentalities, and evidence of crime are lawfully subject to seizure under the Fourth Amendment. *See Zurcher v. Stanford Daily,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). Here the warrant requests among other items, the seizure of "[p]hotographs, movies, video tape [sic], negatives, slides, and undeveloped film *depicting nudity* or sexual relations involving juveniles alone, with other juveniles or with adults." (emphasis added). It further requests the seizure of adult pornography and "sexual aids." It is well established that the possession of adult pornography and "sexual aids" is not illegal. *Stanley v. Georgia,* 394 U.S. 557, 568 n. 11, 89 S.Ct. 1243, 1249 n. 11, 22 L.Ed.2d 542 (1969). Furthermore, by permitting the seizure of all depictions involving "nudity," with no limiting instructions, the warrant permitted the seizure of material clearly outside the scope of the Pennsylvania statute.

The Pennsylvania statute prohibits, as stated above, the possession of depictions of children engaged in "a prohibited sexual act," which includes "nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.Cons. Stat.Ann. § 6312. It does not prohibit all visual depictions of nude children. In fact, such a law would not pass muster under the First Amendment. In *New York v.*

*Ferber,* 458 U.S. 747, 762, 102 S.Ct. 3348, 3358, 73 L.Ed.2d 1113 (1982), the Supreme Court, reviewing a New York child pornography statute, upheld a prohibition on the distribution of depictions of children involved in "sexual conduct" including pictures involving a "lewd exhibition of the genitals." *Id.* at 3359, 102 S.Ct. at 3359. The court cautioned, however, that "[t]here are ... limits on the category of child pornography unprotected by the First Amendment," and that "the category of 'sexual conduct' proscribed must also be suitably limited and described." *Id.* at 764, 102 S.Ct. at 3358. Clearly, depictions of children involving nudity alone fall outside the category of 'sexual conduct' which may be proscribed. Any other interpretation would permit an absurd result. Family photographs of children in the bathtub could be criminalized. The police could seize anatomy textbooks used by medical students which contain depictions of nude children or works of art in museums, including the many depictions of the Madonna and Child.

■ If a state may not criminalize the possession of pictures which do not depict children involved in sexual conduct or poses, it goes without saying that such pictures are beyond the scope of a valid warrant absent a showing of evidentiary value. When "mere evidence" is sought, "probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction." *Andresen v. Maryland,* 427 U.S. 463, 483, 96 S.Ct. 2737, 2749, 49 L.Ed.2d 627 (1976). Nothing in the record or the warrant indicates that either "innocent" nude photographs or lawfully held adult pornography and "sexual aids" have evidentiary or investigatory value in proving a violation of either the Pennsylvania or federal statutes.[3]

■ Furthermore, the seizure of photographs of naked juveniles cannot be upheld under the clause permitting the sei-

---

3. The federal statute prohibits possession and interstate shipment of visual depictions of minors "engaging in sexually explicit conduct." 18 U.S.C. §§ 2252(a)1 and (a)4. Sexually explicit conduct is defined in 18 U.S.C. § 2256 to include "lascivious exhibition of the genitals or pubic area of any person ..."

zure of "professionally produced child pornography." This clause violates the particularity requirement of the Fourth Amendment by leaving the determination of what constitutes "pornography" to the individual judgment of the officers executing the search. The Fourth Amendment's mandate that a warrant "particularly describe the ... things to be seized" was designed to prohibit the "general exploratory rummaging in a person's belongings" suffered by our forbearers in the 18th century as a result of the notorious general warrant or writ of assistance. *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). The authorizing magistrate must narrowly tailor the warrant so that "nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927). In *Marcus v. Search Warrant*, 367 U.S. 717, 731, 81 S.Ct. 1708, 1716, 6 L.Ed.2d 1127 (1961) the Supreme Court struck down a Missouri procedure whereby a magistrate could issue warrants for the seizure of obscene material, which left the determination of what constituted "obscene publications" "to the individual judgment of each of the many police officers involved in the selection ..." In that case, the court determined that the police could not realistically be expected to separate the obscene from the non-obscene because "[t]hey were provided with no guide to the exercise of informed discretion, because there was no step in the procedure before seizure designed to focus searchingly on the question of obscenity." *Id.* Similarly, in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979), the court struck down a warrant requesting the seizure of two allegedly obscene films and "all similar items" because the warrant "left it entirely to the discretion of the officials conducting the search to decide what items were likely obscene ..." *Id.* at 325, 99 S.Ct. at 2324. In this case, the

warrant lacked any description of what constitutes "pornography" under the Pennsylvania statute. It impermissibly leaves the determination to the discretion of the executing officers.[4] Thus, neither the "nudity" provision nor the "professional child pornography" provisions of the warrant provides valid authorization for the seizure of depictions of naked juveniles.

 The invalid "nudity" and "professional child pornography" provisions of the warrant do not taint the entire warrant. The court has the discretion to redact a partially invalid warrant so that evidence obtained pursuant to "valid, severable portions of the warrant need not be suppressed." *United States v. Christine*, 687 F.2d 749, 750 (3d Cir.1982). In *Christine* the Court of Appeals of this Circuit defined "redaction" as:

> striking from a warrant those severable phrases and clauses that are invalid for lack of probable cause or generality and preserving those severable phrases and clauses that satisfy the Fourth Amendment. Each part of the search authorized by the warrant is examined separately to determine whether it is impermissibly general or unsupported by probable cause. Materials seized under the authority of those parts of the warrant struck for invalidity must be suppressed, but the court need not suppress materials seized pursuant to the valid portions of the warrant. *Id.* at 754.

The court cautioned against redaction when the valid portions of the warrant "may not be meaningfully severable from the warrant as a whole." *Id.* In this case, the majority of the warrant is sufficiently particular and based on an adequate showing of probable cause, including the portion of the warrant which requests the seizure of depictions of juveniles engaged in "sexual relations." This phrase clearly suggests depictions of juveniles together or with

---

4. This case must be distinguished from the many cases relied on by the Government which uphold warrants for the seizure of "child pornography." In those cases, the warrant tracked the explicit language of the applicable Federal statute, 18 U.S.C. § 2252, requesting the seizure of depictions of children engaged in "sexually explicit conduct," defined as the "lascivious exhibition of the genitals or pubic area ..." *See e.g. U.S. v. Peden*, 891 F.2d 514, 517 (5th Cir. 1989). The warrant in this case contains no specific language.

adults engaging in sexual acts. It thus provides an objective standard to guide police discretion in determining which items are subject to seizure. It does not, however, encompass pictures of juveniles merely in lewd or sexual poses.

 It was suggested at oral argument that the Court could sift through the materials seized pursuant to the phrase permitting the seizure of depictions of "nudity," in order to identify those depictions involving "sexual conduct" as defined by the Pennsylvania statute. The Court would then suppress only innocent depictions of nudity which could never have been validly seized. The Court has no such authority. It is the warrant which may be "redacted," not the evidence. Such a reading would permit the Court to sift through the items seized pursuant to a general warrant and preserve that which could have been seized under a valid warrant, reducing the exclusionary rule to a nullity.

 The Government argues that the "good faith" exception to the exclusionary rule compels the court to uphold the warrant in its entirety. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Leon* permits the introduction of evidence obtained under an otherwise invalid warrant if the officers acted within the scope of and in good faith reliance on the warrant. *Id.* at 925, 104 S.Ct. at 3422. *Leon,* however, does not require a court to uphold the seizure of evidence whenever a police officer "has obtained a warrant and abided by its terms." *Id.* at 922, 104 S.Ct. at 3420. The officer's reliance on the warrant's provisions must be reasonable. Reasonableness is an objective standard which charges officers with a "reasonable knowledge of what the law prohibits." *Id.* at 3419, 104 S.Ct. at 3419 n. 20. *Leon* declared that "a warrant may be so facially deficient—*i.e.,* in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id.* at 923, 104 S.Ct. at 3421.

 As a threshold matter, we find that even if the facts of this case did not establish probable cause to search defendant's home, the officer's reliance on the Bail Commissioner's finding of probable cause was reasonable and in good faith. However, we hold that the invalid portions of the warrant were "so facially deficient" that the officers could not have reasonably relied on them. It is well established that neither depictions of nudity per se, nor adult pornography and "sexual aids" are prohibited under either the Pennsylvania or federal statutes. *See Stanley v. Georgia,* 394 U.S. at 568 n. 11, 89 S.Ct. at 1249 n. 11, *New York v. Ferber,* 458 U.S. at 762, 102 S.Ct. at 3358. No police officer could reasonably conclude that all nude pictures of children without limitation were illegal. Yet this is what the warrant here authorized to be seized. Moreover, it is a basic tenet of Fourth Amendment jurisprudence that a warrant may not leave to the discretion of the executing officers the determination of what constitutes "pornography," be it adult or child. *Marcus v. Search Warrant,* 367 U.S. at 731, 81 S.Ct. at 1716. Therefore, the "good faith" exception is inapplicable to save the invalid portions of the warrant and the evidence seized pursuant thereto.

 Finally, the defendant asks that the Court suppress his inculpatory statement as "fruit of the poisonous tree." The Court may suppress evidence obtained as an indirect result or "fruit" of a illegal search or arrest. *New York v. Harris,* 495 U.S. 14, 17, 110 S.Ct. 1640, 1643, 109 L.Ed.2d 13 (1990). *See also Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). However, suppression is not warranted by the facts of this case. After deciding on the viability of the warrant, the Court reviewed the evidence seized. The Court finds that there were photographs which portray children involved in "sexual relations." These pictures were properly taken under the valid portion of the warrant. The legally obtained evidence was sufficient to establish probable cause to arrest defendant. Thus, the inculpatory statement was not the "fruit of the poisonous tree." As there has been no claim that the inculpatory state-

ment was otherwise coerced or involuntary, suppression is inappropriate.[5]

In conclusion, the Court will exercise its authority to redact the portions of the warrant requesting the seizure of depictions of juveniles involving "nudity," "adult pornography," "sexual aids" and "professionally produced child pornography," and will suppress all items seized thereunder. However, depictions of juveniles involved in "sexual relations," all other items seized under the remainder of the warrant, and defendant's inculpatory statement will not be suppressed.

## ORDER

AND NOW, this 16th day of November, 1992, for the reasons set out in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant William Cochran to suppress physical and statement evidence is GRANTED in part and DENIED in part. All evidence seized solely under the provisions of the warrant requesting "adult pornography," "sexual aids," "professionally produced child pornography," and depictions of juveniles involving "nudity" will be suppressed and excluded from evidence. Depictions of juveniles involved in "sexual relations," all other items seized under the remainder of the warrant, and defendant's inculpatory statement will not be suppressed.

5. The defendant also challenges the validity of the seizure of his computer equipment. Because the government has agreed to return these items, the Court need not address the issue.
 The defendant also argues that the police exceeded the scope of the warrant by searching areas not identified in the warrant. The Court finds that no items of any relevance were seized from these locations. Consequently, it need not address the issue of whether the police acted improperly.