## Commonwealth v. Kirkpatrick

*Robert Saurman, district attorney,* for Commonwealth.

*James Swetz,* for defendant.

WORTHINGTON, *J.,* September 30, 2005—On March 16, 2005, Detective Douglas A. Knowles, who is employed by the Stroud Area Regional Police Department and is also a member of the Pennsylvania State Police Area V Computer Task Force, received information from Gabriela Renda regarding possible child pornography. Ms. Renda relayed that she was having problems with her computer, located in the bedroom of her 756 Main Street, Stroudsburg, Pennsylvania residence. She communicated to the detective that while she was trying to figure out the problem, she opened a file that was located in a shared Network file. The Network was shared via a router[1] and was connected to a computer that was owned by Christopher Kirkpatrick, defendant, who resides in another bedroom at the same address. When Ms. Renda opened the file, she observed that it contained file names that she thought were suspicious; namely files entitled "8-year-old boys," "10-year-old girls," "kindergarten kids," and "dad with daughters."

Upon hearing this information, Detective Knowles, along with Detective Wolbert and Officer Paul Gasper, executed a search warrant at defendant's apartment. Included in the inventory of items seized during the search were several hundred DVDs and a computer gigabyte tower with two hard drives. A forensic analysis was done on both hard drives using a Digital Intelligence Forensic Fire Chief, a device that enables detectives to view im-

---

1. This is a Local Area Network (LAN) service that is subscribed from Blue Ridge Cable to Ms. Renda.

ages that are stored on a hard drive. The analysis revealed several images indicating child pornography, specifically photos that appeared to illustrate pre-teen girls participating in sexual acts with adult men. The detectives downloaded the suspect images onto an Imation CD-R DVD and delivered said DVD to Dr. Andrea Taroli, an employee of the PEGASUS Child Advocacy Center, for analysis. Dr. Taroli reviewed over 50 images and determined that 39 of them depicted children who were 12 years of age or younger.

As a result of the discovery of the aforementioned images, defendant was arrested on March 16, 2005 and charged with sexual abuse of children, in violation of 18 Pa.C.S. §6312, specifically subsection (d)(1), possession of child pornography. The foregoing count was included in a criminal Information filed by the Commonwealth. Defendant waived formal arraignment on June 1, 2005. On June 13, 2005, defendant served on the district attorney's office a request for a bill of particulars. Seven days elapsed without the district attorney's office furnishing the particulars and on June 20, 2005, defendant filed an application for order for bill of particulars. By order dated June 21, 2005, the Commonwealth was directed to file a bill of particulars within 10 days. To date, no bill has been filed.

On July 7, 2005, defendant filed a timely omnibus pretrial motion for relief, which included: (1) a motion to quash the information; (2) a motion to suppress any evidence seized under the Commonwealth's search warrant; and (3) a motion for return of property. A hearing was held on July 26, 2005. Both parties submitted briefs in support of their respective positions and defendant's motions are now before us for disposition.

## MOTION TO QUASH THE INFORMATION

Defendant's initial request for relief is in the nature of a motion to quash the criminal Information. The Information reads:

"The attorney for the Commonwealth of Monroe County by this Information charges that in the County of Monroe, Pennsylvania, Christopher Kirkpatrick:

"Count: 1 possession of child pornography—(F3) 18 §6312 §§D

"Defendant had many pornographic images on his computer of naked children under the age of 18-years-old.

"Citation of statute and section: 1 18 §6312 §§D (F3)

"All of which is against the Act of Assembly and the peace and dignity of the Commonwealth."

Defendant alleges that the language of the preceding Information, as currently drafted, does not charge a violation of 18 Pa.C.S. §6312(d), which reads:

"Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S. §6312(d)(1). Defendant argues that a picture of a naked child, without more, is not prohibited by the foregoing language. Additionally, the word "pornographic" is not defined in the statute. He therefore claims that the Information, as drafted, fails to charge him with a violation of the statutory section at issue. As such, defendant asks that we dismiss the charge pending against him.[2]

---

2. Defendant also reminds us that he has sought particulars and, despite court order, the Commonwealth has not filed its bill.

Pennsylvania Rule of Criminal Procedure 560 sets forth the requirements for the filing of a criminal Information and provides:

"(A) After the defendant has been held for court, the attorney for the Commonwealth shall proceed by preparing an Information and filing it with the court of common pleas.

"(B) The Information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

"(1) a caption showing that the prosecution is carried on in the name of, and by the authority of, the Commonwealth of Pennsylvania;

"(2) the name of the defendant, or if the defendant is unknown, a description of the defendant as nearly as may be;

"(3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

"(4) the county where the offense is alleged to have been committed;

"(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; and

"(6) a concluding statement that 'all of which is against the Act of Assembly and the peace and dignity of the Commonwealth.' " Pa.R.Crim.P. 560.

At the hearing, the Commonwealth conceded that the language of the original Information contains omissions and is not in accordance with the rules, but argued that said defects do not entitle defendant to his requested relief. We agree.

We find that the language of the Information put defendant on notice regarding the criminal act with which he was being charged, the statutory section that was, in turn, implicated, and his alleged conduct that gave rise to the charge. Therefore, the Commonwealth's failure to include the date when the offense is alleged to have occurred or a plain and concise statement of the essential elements of the offense does not obviate the defendant from understanding the nature of the charge against him.

At the time of hearing, the Commonwealth, recognizing the deficiencies in the original Information, requested leave to file an amended Information. Pennsylvania Rule of Criminal Procedure 564 addresses amendments to Informations and provides:

"The court may allow an Information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the Information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564.

Because of the defects in the original Information, we granted the Commonwealth leave to amend the Information to include the requisite language and conform to the rules.

An amended Information was electronically filed on July 25, 2005, charging:

"Count I

"The district attorney of Monroe County by this Information charges that on or about March 16, 2005, in the County of Monroe, in [sic] Borough of Stroudsburg, Pennsylvania, Christopher Kirkpatrick knowingly possessed or controlled a book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaged in a prohibited sexual act or in the simulation of such act, to wit: Defendant had many pornographic images on his computer of naked children under the age of 18-years-old and the nudity of said children [w]as depicted for the purpose of sexual stimulation or gratification. All of which is against the Acts of Assembly and the peace and dignity of the Commonwealth of Pennsylvania." 18 Pa.C.S. §6312(d)—F3.

This amended Information does not charge an additional or different offense; it merely fills in the gaps in the original Information. We find this amended Information to be satisfactory and in accordance with the rules governing the filing of Informations. As such, defendant's motion to quash the Information is denied.

## MOTION TO SUPPRESS ANY EVIDENCE SEIZED UNDER THE COMMONWEALTH'S SEARCH WARRANT

Defendant's second pretrial motion is a motion to suppress any evidence seized under the Commonwealth's search warrant. This motion is premised on two distinct allegations: (1) that the affidavit lacked probable cause; and (2) that the warrant violated particularity requirements. We will address defendant's arguments in order.

Defendant initially claims that the affidavit of probable cause lacked the requisite probable cause to merit the issuance of a valid search warrant. Possession of child pornography, the statutory provision that defendant is charged with violating, is worded as follows:

"Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S. §6312(d)(1).

The full text of the search warrant affidavit reads:

"That on March 16 2005 this affiant who is employed by the Stroud Area Regional Police Department received a [sic] information from Gabriela Renda regarding possible child pornography. She stated that she was having problems with her computer that is located in her bedroom at her residence of 756 Main St. She stated that while she was trying to figure the problem out, she opened a file that is located in a shared Network file. This network is shared via a router and is connected to a computer that [sic] owned by Christopher Kirkpatrick who lives in another bedroom at the same address. This is a LAN (Local Area Network) service that is subscribed from Blue Ridge Cable. This subscription is subscribed to Renda and she also pays for this service. When she opened this file it had files in to [sic] that she thought was [sic] suspicious. She saw several files that were named (8-year-old boys), (10-year-old girls), (kindergarten kids), and one named [(]dad with daughters[)]." Affidavit of probable cause, Commonwealth's exhibit no. 1, p. 3.

Defendant argues that the preceding search warrant affidavit lacks probable cause because it merely alleges that defendant had computer files entitled "8-year old boys," "10-year old girls," "kindergarten kids," and "dad with daughters"; and these titles, in and of themselves, do not necessarily suggest a violation of the statute. Defendant claims that a person is not prohibited from having computer files titled as these are, nor is a person prohibited from reading text about the categories of people named in these files. Defendant further argues that the affidavit contains no allegation that the computer files contained photographic depictions, as required by the statute, let alone that they portrayed children engaged in sexual intercourse, masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity for the purpose of sexual stimulation or gratification, as required by the statute.

Furthermore, defendant cautions us that suspicion is not the same as probable cause and argues that computer files with the aforementioned titles, without more, do not violate the provisional language of section 6312(d). Defendant contends that in order for the affidavit to satisfy section 6312(d), it would have had to include, at a minimum, a statement that Gabriela Renda, the informant, had viewed the computer files and actually saw images that depicted acts that are prohibited under section 6312(a), as well as sufficient facts to demonstrate her reliability as an informant.

For the foregoing reasons, defendant maintains that the search warrant affidavit does not satisfy the "totality of the circumstances" test for the purposes of making and reviewing probable cause determinations as set forth by the United States Supreme Court in *Illinois v. Gates,*

462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and later adopted by our Supreme Court with respect to Article I, Section 8 of the Pennsylvania Constitution in *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). Defendant therefore argues that the seized evidence should be suppressed as it was obtained via the execution of an unlawful warrant that was issued based upon a search warrant affidavit that lacked the requisite probable cause.

The Commonwealth, conversely, argues that the search warrant affidavit and the resulting warrant are lawful. The Commonwealth finds instructive the case of *U.S. v. Cochran,* 806 F. Supp. 560 (E.D. Pa. 1992), in which a search warrant was upheld where movers had observed photographs of naked children at the defendant's home, despite the fact that no allegation was made that the children were engaged in sexual activity. The court ruled that "[t]he failure of the movers to describe an actual violation of the statute does not preclude a finding of probable cause." The Commonwealth argues that this case is similar to *Cochran* in that, here, the informant for the warrant did not see children engaged in sexual activity, yet there was a clear indication that such unlawful material did exist. The Commonwealth therefore asserts that the totality of the circumstances demonstrate that the warrant was properly supported by probable cause in this instance.

Defendant is quick to challenge the Commonwealth's reliance on *U.S. v. Cochran,* 806 F. Supp. 560 (E.D. Pa. 1992) and instead argues that *Cochran* supports the argument in favor of suppression. Defendant differentiates *Cochran* from the case at hand by pointing out that in *Cochran* the movers who reported the matter to the

police had actually seen pictures of naked children, whereas, in this case, the informant merely saw suspicious titles; she did not see images at all, let alone images of children that would be in direct violation of the statute.

We note at the outset that this is a suppression hearing and "[i]t is incontrovertible that, here in Pennsylvania, the Commonwealth, and not defendant, has the burden of going forward with evidence and of establishing that the challenged evidence was not obtained in violation of defendant's rights." *Commonwealth v. Ryan,* 296 Pa. Super. 222, 228, 442 A.2d 739, 742 (1982); Pa.R.Crim.P. 323(h). It is thus the Commonwealth's burden in this instance to prove that the search warrant affidavit upon which the warrant was based was supported by sufficient probable cause and that the warrant met the requisite particularity requirements.

Both the United States and the Pennsylvania Constitutions protect individuals from unreasonable searches and seizures, see United States Constitution Amendment IV and Pennsylvania Constitution Article I, Section 8, thereby ensuring the "right of each individual to be let alone." *Commonwealth v. Campbell,* 862 A.2d 659, 663 (Pa. Super. 2004); citing *Commonwealth v. Blair,* 394 Pa. Super. 207, 214, 575 A.2d 593, 596 (1990), quoting *Schneckloth v. Bustamonte,* 412 U.S. 218, 236, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The Fourth Amendment provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be

searched, and the persons or things to be seized." United States Constitution Amendment IV.

The Pennsylvania Supreme Court has held that Article I, Section 8 of the Pennsylvania Constitution confers greater personal privacy protection to the citizens of the Commonwealth under certain circumstances. See *Commonwealth v. Cleckley,* 558 Pa. 517, 524-25, 738 A.2d 427, 431 (1999); see also, *Commonwealth v. Reid,* 571 Pa. 1, 811 A.2d 530 (2002); *Commonwealth v. Acosta,* 815 A.2d 1078 (Pa. Super. 2003). Article I, Section 8 of the Pennsylvania Constitution imparts:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." Pennsylvania Constitution Article I, Section 8.

Additionally, Pennsylvania Rule of Criminal Procedure 2003 provides:

"(a) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

"(b) At any hearing on a motion for the return or suppression of the evidence, or for suppression of the fruits of evidence obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (a)." Pa.R.Crim.P. 2003(a) and (b).

Thus, search warrants must satisfy several significant statutory and constitutional requirements, see Pa.R.Crim.P. 2001-2010, and a search or seizure is not reasonable unless it is conducted pursuant to a search warrant issued by a magistrate upon a showing of probable cause. See *Commonwealth v. Edwards,* 735 A.2d 723 (Pa. Super. 1999). Further, the issuing magistrate's determination of probable cause "should be paid great deference by reviewing courts." *Commonwealth v. Macolino,* 336 Pa. Super. 386, 389, 485 A.2d 1134, 1136 (1984), citing *Commonwealth v. Frye,* 242 Pa. Super. 144, 148, 363 A.2d 1201, 1203 (1976).

The U.S. Supreme Court, in the case of *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), adopted a flexible "totality-of-the-circumstances" approach to determining whether probable cause has been established. In accordance with that test, the issuing magistrate is not permitted to consider any evidence outside of the four corners of the affidavit. See Pa.R.Crim.P. 2003(a), see also, *Commonwealth v. Ryerson,* 817 A.2d 510, 513 (Pa. Super. 2003). The underlying affidavit of probable cause, upon which the warrant is based, must establish probable cause that a crime has occurred and the evidence sought is an appropriate matter to be seized, *i.e.,* evidence of a crime, under Pennsylvania Rule of Criminal Procedure 2002. *Commonwealth v. Bagley,* 408 Pa. Super 188, 596 A.2d 811 (1991). Simply stated, the affidavit must contain facts that would enable the issuing authority to make an independent determination that seizable evidence would be found in the premises to be searched. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

As a result, probable cause exists "when the facts and circumstances within the police officer's knowledge, and of which the officer has reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed." *Commonwealth v. Gwynn,* 555 Pa. 86, 723 A.2d 143, 148 (1999); *Commonwealth v. Ryerson,* 817 A.2d 510, 513 (Pa. Super. 2003). Then, the task of the issuing magistrate is "to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). Accordingly, any evidence found to be obtained from an unreasonable search or seizure is inadmissible at trial. *Id.* citing *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

Our duty in reviewing the search warrant at issue "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Commonwealth v. Coleman,* 574 Pa. 261, 271-72, 830 A.2d 554, 560 (2003). Although we recognize that the issuing magistrate's determination of probable cause "should be paid great deference by reviewing courts," *Commonwealth v. Macolino,* 336 Pa. Super. 386, 389, 485 A.2d 1134, 1136 (1984), we find that this affidavit lacked the requisite probable cause to withstand a four corners analysis and the magistrate lacked a substantial basis for concluding that probable cause existed.

The search warrant affidavit at issue is *frustratingly* sparse, merely setting forth the titles of four computer

files without providing any clear indication as to what those files contained or to whom they belonged. We find that the suspect titles merely describe categories of individuals. To presuppose that the titles contain photographic depictions of children engaging in sexual behavior, rather than simply images of the categories of individuals so described, *i.e.,* 6-year-old boys, 10-year-old girls, kindergarten children, or fathers with their daughters, is to go outside the language of the affidavit of probable cause and defy a proper four corners analysis. Similarly, the four corners of the warrant do not contain indicia demonstrating to whom the files belonged, as it was a shared network. The affidavit of probable cause contained no information regarding Officer Knowles' involvement in the Pennsylvania State Police Computer Task Force, his experience investigating this type of crime, the sort of file names usually found in conjunction with this type of crime, or any other information that would bolster the affidavit and rise to the level of probable cause. Additionally, it is common practice in this jurisdiction for the affidavit to be reviewed by a member of the district attorney's office prior to its submission to the magistrate for signature; a safeguard that is in place to ensure that the affidavit is adequate to pass constitutional review. Unfortunately, this affidavit raises a mere suspicion. We therefore find that the titles in question are not significantly recognizable, based upon the four corners analysis, as indicating "child pornography" so as to substantiate a finding of probable cause to support the issuance of a lawful search warrant.

Defendant further alleges that there was insufficient proof of the veracity of the informant to support the issuance of a valid warrant. A search warrant may issue

upon hearsay, but, where it does, facts must be stated that will enable the issuing authority to independently determine that the source of the hearsay statement was factual and reliable. *Commonwealth v. Jones,* 506 Pa. 262, 484 A.2d 1383 (1984); see also, *Commonwealth v. Yount,* 455 Pa. 303, 314 A.2d 242 (1974). Thus, a tip from an informant can properly form the basis for probable cause, provided there is adequate evidence of the informant's reliability when examined under the totality of the circumstances test. *Commonwealth v. Valenzuela,* 408 Pa. Super. 399, 412, 597 A.2d 93, 100 (1991), citing *Commonwealth v. York,* 381 Pa. Super. 55, 552 A.2d 1092 (1989).

Under the totality of the circumstances test, specifically in instances like the present case, when an informant's statements are being used to establish probable cause, the relevant considerations include the informant's veracity, reliability, and basis of knowledge. *Id.* After examination of the affidavit, we find that the credibility of the informant, Ms. Renda, was not suitably established. Although the affidavit delineates her very limited basis of knowledge by describing how and why she came to view the suspect titles, the affidavit fails to include any information that would tend to demonstrate her veracity or reliability in this regard. Her only "knowledge" is that she came across several files with certain titles.

Where, as here, the reliability of the informant is not established, "then the facts and circumstances surrounding the tip must provide sufficient indicia of reliability." *Commonwealth v. Smith,* 784 A.2d 182, 188 (Pa. Super. 2001). For example, when police are relying on an informant's tip, "[i]f the tip provides inside information, then police corroboration of this inside information can

impart additional reliability to the tip." *Commonwealth v. Smith,* 784 A.2d 182, 187 (Pa. Super. 2001). Here, Ms. Renda related the relevant information to the affiant in this case, who is a member of the Pennsylvania State Police Area V Computer Task Force. Again, there is no language in the affidavit to demonstrate that the affiant attempted or was able to corroborate the information he received. We therefore find that within the confines of the four corners of the affidavit, the issuing authority had no substantial basis upon which to assess the reliability of the information provided by the informant to the affiant. See *Commonwealth v. Torres,* 564 Pa. 86, 97, 764 A.2d 532, 537 (2001). Because the facts stated in the affidavit were not sufficient to enable the magistrate to independently determine the reliability of Ms. Renda's statements or the affiant's reliance thereon, the search warrant was not properly granted.

In order for there to be sufficient probable cause to support the issuance of a valid search warrant, "the facts contained in the [affidavit of probable cause] for a search warrant must be such that an independent, issuing authority, exercising reasonable caution, can conclude that the items sought are connected with criminal activity and that they will be found in the place to be searched." *Commonwealth v. Riffert,* 379 Pa. Super. 1, 12, 549 A.2d 566, 572 (1988), citing *Commonwealth v. Council,* 491 Pa. 434, 443, 421 A.2d 623, 627 (1980); see also, *Commonwealth v. Ryan,* 300 Pa. Super. 156, 167, 446 A.2d 277, 283 (1982). For the reasons previously stated, we find that the affidavit filed in support of the application for the warrant failed to sufficiently establish probable cause that a crime had occurred, and that the evidence sought, in this case, depictions of minor children engaging in

prohibited sexual behavior, was evidence of a crime and thus appropriate material to be seized. See *Commonwealth v. Bagley*, 408 Pa. Super. 188, 596 A.2d 811 (1991). Despite the substantial deference that we afford the issuing authority's probable cause determination, we must find, "after considering all of the information included in the affidavit and balancing the relative weights of the indicia of reliability attending that information," that the affidavit of probable cause failed to provide a substantial basis upon which to issue a warrant to search defendant's apartment. *Commonwealth v. Torres*, 564 Pa. 86, 101, 764 A.2d 532, 540 (2001). Accordingly, the search conducted in execution of the warrant was unlawful, and the evidence that was seized as a result thereof must be suppressed.

Defendant's second major argument regarding the legality of the search warrant is that the warrant violates the specificity requirements for a valid search warrant under both the United States and Pennsylvania Constitutions. In light of our foregoing determination that the search warrant was unlawful because the affidavit upon which it was issued lacked probable cause, we will not address the specificity deficiencies within the warrant itself.

## MOTION FOR RETURN OF PROPERTY

Defendant's omnibus motion included a motion for the return of property. Defendant alleges that, at the time of his arrest, the Commonwealth seized his Nikon digital camera and other items of personal property which are neither contraband per se nor derivative contraband. Defendant claims that a majority of the items seized have

no evidentiary value and thus requests that we direct the return of the personal property seized from his residence pursuant to the search warrant that is not contraband and lacks evidentiary value.

In a motion for the return of property, "the moving party is required to demonstrate lawful possession of the property; the burden then shifts to the Commonwealth to defeat the motion by showing that the property is contraband or derivative contraband." Pa.R.Crim.P. 588; *Commonwealth v. Reynolds,* 876 A.2d 1088, 1092 (Pa. Commw. 2005). We make no factual findings regarding defendant's claim of lawful entitlement to the property in question. Because the Commonwealth does not object to this request, defendant's motion for return of property is granted.

Finally, we are mindful of defendant's articulated dissatisfaction with the fact that the Commonwealth had failed to furnish a bill of particulars, despite the court order requiring it to do so. We note that "the traditional function of a bill of particulars is to clarify the pleadings and to limit the evidence which can be offered to support the information." See Pa.R.Crim.P. 572, Official comment. In light of our disposition of defendant's motions delineated by this opinion, no relief is necessary with regard to this issue.

Accordingly, we enter the following:

## ORDER

And now, September 30, 2005, in consideration of defendant's omnibus pretrial motion, we enter the following order:

(1) Defendant's motion to quash the Information is denied;

(2) Defendant's motion to suppress any evidence seized under the Commonwealth's search warrant is granted.

(3) Defendant's motion for return of property is granted.