J-A06008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS ENRIQUE SOTO | : | |
| | : | |
| Appellant | : | No. 793 MDA 2018 |

Appeal from the Judgment of Sentence April 13, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001464-2017

BEFORE: OTT, J., NICHOLS, J., and PELLEGRINI*, J.

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 16, 2019**

Because the Affidavit of Probable Cause (Affidavit) did not give the magistrate a substantial basis to issue a search warrant, I would hold that the trial court erred in denying Soto's motion to suppress. Accordingly, I respectfully dissent on that ground.

As the majority correctly recounts, the Affidavit provides that the investigation of Soto began when Detective Gregory Wahl (the Affiant) identified Soto's IP address on a BitTorrent peer-to-peer file sharing network. Affidavit of Probable Cause, 1/30/2017, at ¶ 27. The IP address was associated with "a file of investigative interest to child pornography investigations." *Id*.

The Affiant then downloaded 50 files from that IP address, 29 of which reportedly "depicted child pornography as defined by [18 Pa.C.S. § 6312]."

_____
* Retired Senior Judge assigned to the Superior Court.

*Id*. at ¶ 28. After listing the titles of those 29 images, the Affiant averred: "The above files were mostly of teenage girls in a shower or bath naked and were 'LS Models.' The rest of the images your Affiant would label as erotica." *Id*. at ¶ 29. The police obtained a search warrant and recovered material on Soto's cell phone alleged to be child pornography.

Soto filed a suppression motion contending the Affidavit did not contain information that would form a substantial basis to find probable cause because paragraph 29 fails to allege a violation of Section 6312. He contends now that the Affidavit does not set forth probable cause because that provision does not criminalize all visual depictions of nude children but only those under the age of 18, "if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such a depiction." Soto's Brief, at 26. He also asserts that the Affidavit's reference to "teenagers" could include those who are aged 18 or 19, and possession of such images is not prohibited by the statute, even if the nudity is for the purpose of sexual stimulation. *Id*.

Despite finding that the Affiant's description of the pornographic images "could have been more detailed," the majority nevertheless holds that the description, coupled with the Affiant's conclusion that the images constituted child pornography, were sufficient for the magistrate to determine there was a fair probability that evidence of a crime would be found at Soto's home. As to Soto's claim that the Affiant only described the images as those of "teenagers," not a person under 18 years of age, the majority opines that this

- 2 -

is a sufficiency of the evidence issue for the jury to decide rather than a legal question regarding the validity of the search warrant.

I disagree with the majority because the Affidavit does not set forth facts that would give a magistrate a substantial basis to find probable cause that Soto possessed child pornography. In making a probable cause determination, the magistrate is confined to the four corners of the affidavit. *See* Pa.R.Crim.P. 203(B). No other evidence may be considered. *See id*. On review of a search warrant, we only consider whether the facts outlined by the affiant provided the magistrate with "a substantial basis" to conclude that probable cause existed for the warrant's issuance. *Commonwealth v. Johnson*, 42 A.3d 1017, 1031 (Pa. 2012).

In this case, the facts contained within the four corners of the Affidavit do not support the Affiant's conclusion of illegality. The Affiant stated that Soto possessed "child pornography" in the form of 29 separate images. The Affiant then vaguely described all of those materials in a single phrase, writing that they depicted "teenage girls in a shower or bath naked." Nothing in the affidavit suggests that the images were intended for an illicit purpose. *See United States v. Cochran,* 806 F. Supp. 560, 564 (E.D. Pa. 1992) ("[§ 6312]

- 3 -

does not prohibit all visual depictions of nude children. In fact, such a law would not pass muster under the First Amendment.").[1]

All the images that the Affiant described are **legal** to possess because they do not fall within the statutory definition of child pornography.[2] The Affiant's description of "teenage girls" does not specify that the individuals in the photos were below the age of 18. The description of those individuals being "in a shower or bath naked" does not specify that they engaged in a "prohibited sexual act." No other facts contained within the Affidavit were

---

[1] Clearly, depictions of children involving nudity alone fall outside the category of "sexual conduct" which may be proscribed. Any other interpretation would permit an absurd result. Family photographs of children in the bathtub could be criminalized. The police could seize anatomy textbooks used by medical students which contain depictions of nude children or works of art in museums, including the many depictions of the Madonna and Child.

*United States v. Cochran*, 806 F. Supp. 560, 564 (E.D. Pa. 1992).

[2] "Child Pornography" is defined as "any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaged in a prohibited sexual act or in the simulation of such act." 18 Pa.C.S. § 6312(d). "Prohibited sexual act" is defined as "sexual intercourse . . . , masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view that depiction." *Id.* at § 6312(g) (emphasis added).

germane as to whether a search of Soto's cell phone would turn up a crime or evidence of a crime.[3]

Copies of the images were not attached to the Affidavit, so the magistrate in this case did not personally view them. It is not required in all such cases for the magistrate to do so,[4] but with only a description of legal material, the magistrate's probable cause determination could have only been based on the Affiant's opinion that the images were illegal. Federal courts have held that a search warrant is deficient under these circumstances.[5] **See e.g., United States v. Battershell**, 457 F.3d 1048, 1051 (9th Cir. 2006) (government conceded that the affiant's description of a photograph – "a young female (8–10 YOA) naked in a bathtub" – was insufficient to establish probable cause as a matter of law); **United States v. Brunette**, 256 F.3d 14, 15 (1st Cir. 2001) ("Because neither the magistrate judge nor the district court judge independently viewed the images—which were not made part of

_____

[3] In the same sentence, the Affiant referenced "LS Models," but nothing in the Affidavit explained what that term meant.

[4] "[T]he rule is clear: there is no requirement that an official reviewing an affidavit to search and seize child pornography see the actual images, provided the description of the image in the affidavit itself, along with any other relevant information, set forth the requisite probable cause." **United States v. Wagner**, 2015 WL 3627007, at *5 (E.D. Tenn. June 9, 2015).

[5] In the absence of precedential Pennsylvania cases addressing an issue, out-of-state decisions are not binding but may be considered as persuasive authority. **See Bochetto v. Piper Aircraft Co.**, 94 A.3d 1044, 1050 (Pa. Super. 2014).

the record on appeal—and because the affidavit did not adequately describe them, we conclude that the warrant was not supported by probable cause.");

**United States v. Doyle**, 650 F.3d 460, 471-72 (4th. Cir. 2011) (no probable cause that defendant possessed child pornography where affidavit described defendant's sexual assault and recounted allegation that he had "pictures of nude children.").

Those cases are consistent with the well-established principle that a magistrate must exercise independent judgment when making a probable cause determination and may not simply adopt the affiant's conclusions. **See Illinois v. Gates**, 462 U.S. 213, 239 (1983) ("a mere conclusory statement" in an affidavit "that gives the magistrate virtually no basis at all for making a judgment regarding probable cause" does not suffice); **United States v. Pavulak**, 700 F.3d 651, 661 (3rd Cir. 2012) ("Presented with just the label 'child pornography,' the most the magistrate could infer was that *the affiant* concluded that the images constituted child pornography"); **United States v. Wagner**, 2015 WL 3627007, at *5 (E.D. Tenn. June 9, 2015) (holding that affiant's legal conclusion and sparse description of images depicting naked children were insufficient for probable cause).[6]

---

[6] In its opinion, the trial court in this case failed to draw a logical connection between the possession of the legal images described in the Affidavit and the probability that Soto possessed child pornography. The trial court's analysis started and ended with the Affiant's all too brief description of the 29 images enumerated in the Affidavit. **See** Trial Court Opinion, 7/10/2018, at 16.

By not viewing the subject images and relying on a description of lawful material, the magistrate in this case necessarily adopted the Affiant's opinion that Soto possessed child pornography. The Affidavit did not provide a substantial basis for probable cause, and the magistrate did not exercise independent judgment.[7] In the absence of a valid warrant supported by probable cause, the search of Soto's cell phone was unlawful. To remedy the erroneous denial of Soto's motion to suppress the fruits of that search, I would vacate the judgment of sentence and order a new trial.

_____

[7] The Concurrence dismisses the Dissent as "hypertechnical" when the Dissent merely follows several federal cases that find analogous descriptions of electronic images to be insufficient for a warrant. Without addressing those cases, the Concurrence finds probable cause here because Detective Yarnell, who obtained the warrant, had experience and training in seeking out child pornographers, so when he said the subject images were child pornography, they must be child pornography. This is circular reasoning because it equates the mere search for contraband with evidence to that effect; that is, an act is more likely to be a crime if a trained officer was looking for crime when the act was observed. Under the Concurrence's view, for example, an affidavit would be sufficient if it states that a person possessed LSD by accepting delivery from UPS of 1000 pills of acetylsalicylic acid (aspirin), as long as the affiant is an experienced narcotics detective who says the pills are LSD.

The Concurrence does not correctly apply the constitutional standards that guide our review – whether or not the magistrate can make an independent judgment in determining probable cause based on the information within the four corners of the affidavit. In our well-settled probable cause analysis, the Affiant's experience and training are irrelevant if he could not at least apply that background to explain how a crime was committed. Further, the Concurrence goes beyond the Affidavit to suggest that files shared on BitTorrent are inherently illicit when, in fact, the P2P network is a content-neutral system that is just as likely to be used for legal purposes. Probable cause had to be set forth in the Affidavit in this case and, for the reasons set forth above, it was not.

Accordingly, I respectfully dissent.